Filed 3/11/13  P. v. Bryant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C070414 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11-437) |
| v. | |
| JODY NICOLE BRYANT, | |
| Defendant and Appellant. | |

Defendant Jody Nicole Bryant pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a)) in exchange for a sentencing lid of six years in state prison.  The trial court sentenced defendant to the six-year lid.  Defendant appeals her sentence making a single claim:  the trial court failed to rule on the  request for judicial notice she submitted in her sentencing statement.  We affirm.

BACKGROUND

Defendant pleaded no contest to voluntary manslaughter, a crime which resulted in the death of defendant's boyfriend Jarrett Reynolds.  Prior to sentencing in this matter,

1

defendant submitted a "sentencing statement" to the trial court asking the court to grant defendant probation or, alternately, to impose the low term of three years in state prison. Attached to that statement were numerous letters and a psychological evaluation of defendant authored by Philip. S. Trompetter, Ph.D., ABPP.  In his evaluation, Dr. Trompetter noted defendant had been gang-raped in high school, was molested when she was a small child, and been forced into anal sex with the decedent.  Dr. Trompetter also noted defendant had a significant history of substance abuse, including alcohol, marijuana, and methamphetamine.

Dr. Trompetter diagnosed defendant with major depressive disorder with recurrent episodes of severe depression, and symptoms consistent with chronic posttraumatic stress disorder (PTSD) from the gang rape and molestation.  He also concluded defendant met the criteria for polysubstance dependence (alcohol and marijuana at the time of the report).  With respect to defendant's stabbing of the decedent, Dr. Trompetter opined that defendant "expressed a reasonable fearfulness of [the decedent] based on his threatening and abusive behavior. She is chronically hypervigilant to threats to her safety based on her history of trauma and her previous experience with abusive men, including [the decedent]."  Dr. Trompetter described defendant as "the perfect victim," unable to navigate complex relationships.

Defendant included in her statement the following request for judicial notice: "defendant respectfully requests the court to take judicial notice of the following Yuba County cases and any probation reports contained therein in the case of Jarrett Reynolds CRF06-706 and Adam Kelly CRF11-175.  Defendant believes it is critical for the court to view the victim's history of violence against women.  Likewise, defendant believes it is critical for the court to understand that her PTSD is not mere affect[ation], but a documented condition in which the defendant has been the victim of a violent crime."  The records for which defendant sought judicial notice were not all attached to the request.

2

At sentencing, the trial court heard from the decedent's family, noted it read the probation report, and read defendant's sentencing statement. Counsel for defendant argued for probation or the low term. Counsel argued defendant had no record and "had been victimized since she was in high school . . . ." Counsel argued the decedent himself had victimized defendant, and had a history of abusing other women. Finally, counsel noted defendant's remorse as a mitigating factor. The People argued for the six-year lid, as recommended by probation.

The trial court found this was not an unusual case, rendering her eligible for probation, and sentenced defendant to six years in state prison. The court reasoned the decedent was unarmed and defendant was the aggressor in the fight that lead to the killing. Moreover, the court noted, two children witnessed the killing, and defendant acted with "extreme callousness, extreme viciousness, . . . end[ing] [the victim's] life over a spat that [defendant] started." The court thus concluded: "I think I've given correct weight to all of the factors in this case, and the senseless killing of an unarmed man, unprovoked by anything he did that day, warrants the maximum sentence that I can impose in this case, which is six years."

The trial court imposed numerous fines and fees and awarded defendant a total of 144 days of presentence custody credits. After imposing sentence, the court asked defendant's counsel, "And did I miss anything on behalf of the defense . . . ." Counsel responded, "No, Your Honor."

## DISCUSSION

Defendant's sole contention on appeal is the trial court erred in failing to rule on her request for judicial notice. Defendant makes numerous arguments in support of the claimed error none of which succeed because it was defendant's burden in the trial court to obtain a ruling on her request; her failure to do so forfeits the issue on appeal. (*People v. Rowland* (1992) 4 Cal.4th 238, 259 [if defendant does not secure an evidentiary ruling, defendant does not preserve the point for appeal].)

3

To the extent defendant argues the issue cannot be forfeited because the Evidence Code creates a mandatory duty, her argument fails because we presume under Evidence Code section 664 that the court correctly performed its official duties.

Anticipating we may find her claim forfeited, defendant argues trial counsel rendered constitutionally deficient assistance by failing to secure a ruling on her request for judicial notice.

"To establish entitlement to relief for ineffective assistance of counsel the burden is on the defendant to show (1) trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings. [Citations.]" (*People v. Lewis* (1990) 50 Cal.3d 262, 288.)

In defendant's sentencing statement, defendant argued the records of which she wanted the trial court to take judicial notice were relevant to show the decedent's history of violence against women. Even without securing a ruling on defendant's request for judicial notice, counsel argued the decedent had a history of violence against women, including defendant. Counsel also argued defendant had a history of being abused and was, herself, a victim. Having argued the point without obtaining a ruling on the request for judicial notice, trial counsel was not deficient for failing to press the court for a ruling.

DISPOSITION

The judgment is affirmed.

                                                    NICHOLSON     , J.

We concur:


      RAYE      , P. J.


      DUARTE      , J.


4